**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Appellant,

v.

Woodrow Mozee, Respondent.

Appellate Case No. 2012-212643

Appeal From Newberry County
Eugene C. Griffith Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-453
Heard February 3, 2015 – Filed September 9, 2015

**REVERSED**

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Appellant.

Pete Gus Diamaduros, of The Diamaduros Law Firm, of Union, for Respondent.

**PER CURIAM:** The State appeals the circuit court's order vacating and dismissing Respondent's convictions for driving under the influence, first offense (DUI-1st) and open container violation. The State argues (1) the videotape

produced complies fully with section 56-5-2953(A) of the South Carolina Code, (2) the trooper validly marked the breath test as "refused" instead of incomplete, and (3) the trooper presented sufficient evidence of the contents of the whiskey bottle to send the issue to the jury. We reverse pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the circuit court erred in dismissing the DUI-1st charge because the incident scene video did not fully comply with South Carolina Code section 56-5-2953(A): S.C. Code Ann. § 56-5-2953(A) (2008) (providing that a person who commits a DUI offense "must have his conduct at the incident site and the breath test site video recorded. (1)(a) The video recording at the incident site must: (i) not begin later than the activation of the officer's blue lights; (ii) include any field sobriety tests administered; and (iii) include the arrest of a person for a violation of [s]ection 56-5-2930[1]. . . , and show the person being advised of his *Miranda*[2] rights."); *State v. Henkel*, Op. No. 27541 (S.C. Sup. Ct. filed July 1, 2015) (holding compliance with DUI videotaping requirements at incident site must begin at the time videotaping becomes practicable and continue until arrest is complete); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 347, 713 S.E.2d 278, 285 (2011) (stating the purpose of section 56-5-2953 is to create direct evidence of a DUI arrest).

2.     As to whether the circuit court erred in reversing Mozee's conviction for DUI-1st and dismissing the charge because the officer improperly marked the breath test as "refused": *Chisolm v. S.C. Dept. of Motor Vehicles*, 402 S.C. 593, 599, 741 S.E.2d 42, 46 (2013) (explaining distinction between "refusal" designation for purposes of license suspension under implied consent provision of S.C. Code § 56-5-2950(A) and language in SLED[3] policy providing that "a subject who blows an inadequate sample 'as determined by the instrument' can be deemed

---

[1] The officer charged Mozee with violating section 56-5-2930(A) ("It is unlawful for a person to drive a motor vehicle within this State while under the influence of alcohol to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired").

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] South Carolina Law Enforcement Division

by the officer administrating the test to have refused the breath test.") (citations omitted).

3.      As to whether the circuit court erred in reversing Mozee's conviction and dismissing the ABC violation for open container when the officer failed to properly present evidence of the contents of the whiskey bottle: *State v. Weston*, 367 S.C. 279, 292–93, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this Court views the evidence and all reasonable inferences in the light most favorable to the state.  If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury.").

**REVERSED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**